UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **JOHN HUMPHREYS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-10-50** |
| | § | |
| **CITY OF GANADO, TEXAS,** *et al*, | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are Defendants City of Ganado ("the City"), Ganado Police Department ("the Police Department"), Chief Norman Glaze ("Chief Glaze"), and Officer Rodney Roberson's ("Officer Roberson") (collectively "Defendants") Motion to Dismiss (Dkt. No. 5) and Plaintiff John Humphrey's ("Plaintiff") Motion for Partial Summary Judgment (Dkt. No. 7). Having carefully considered the motions, response, record, and applicable law, the Court is of the opinion that Defendants' motion should be **GRANTED** and Plaintiff's motion should be **DENIED**.

**I. Background**

According to the facts as set forth in Plaintiff's Original Complaint (Dkt. No. 1), in July 2005, Plaintiff was driving an electric car when the car's steering locked up. As a result, the car went off the road into a ditch. Plaintiff drove out of the ditch, parked the car in a school parking lot, and walked back home. Shortly thereafter, Officer Roberson arrived at Plaintiff's home and began talking to Plaintiff through a window. Chief Glaze and other unknown officers of the Police Department then burst through the door and tackled Plaintiff, causing Plaintiff's shoulder to break the window where he stood talking to Officer Roberson. Plaintiff was then handcuffed and led to a police car, where he sat while Chief Glaze, Officer Roberson, and other unknown officers searched his home. Plaintiff was not advised of his Miranda rights or

the reason for his arrest. Plaintiff was later charged with attempted murder and aggravated assault with a deadly weapon.[1] The charges were dismissed because of insufficient evidence on July 13, 2009.

On June 29, 2010, Plaintiff filed this suit "to enjoin the Defendants' violation of his civil rights, as prohibited by 42 U.S.C. §1983, as well as the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and for actual, compensatory, and punitive damages." (Dkt. No. 1, ¶1.) Specifically, Plaintiff brings causes of action against all Defendants under §1983 for unreasonable search and seizure, excessive force,[2] and false arrest/imprisonment. Plaintiff also alleges Texas state law causes of action against Chief Glaze and Officer Roberson for assault and battery, and against the City and the Police Department for malicious prosecution.

Defendants raised a number of affirmative defenses in their Answer and Motion to Dismiss, including that: (1) all claims are barred by the applicable statute of limitations; and (2) all claims against the City, the Police Department, and against individual defendants in their official capacities are barred under the Eleventh Amendment. (Dkt. No. 5, ¶¶ 35—40.) As such, Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's Motion for Partial Summary Judgment—which is effectively a supplemental response to Defendants' motion to dismiss—seeks a determination that: (1) Plaintiff's claims are not barred by the statute of limitations; and (2) Defendants are not entitled to the defense of sovereign immunity.

**II. Legal Standard**

**A. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

---

1. According to the Indictment, which Plaintiff filed in support of his Motion for Partial Summary Judgment, Plaintiff was charged with attempting to murder and/or assault six individuals by driving a vehicle in their direction. (Dkt. No. 7, Ex. A.)

2. Plaintiff's Original Complaint actually alleges a cause of action for "assault and battery in violation of the Fourth Amendment." (Dkt. No. 1, ¶ 26.) The Court will construe this claim as one for excessive force.

When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in her favor.  *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737—38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957) 'no set of facts' standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.*; *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

**B. Summary Judgment**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of

3

evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718—19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323—25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, the non-movant cannot avoid summary judgment by presenting only "conclusory allegations" or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim asserted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### III. Analysis

#### A. Statute of Limitations

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); s*ee also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations [in the complaint] show that relief is barred by the

applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). The statute of limitations for a suit brought under § 1983 is generally the applicable state-law period for personal-injury torts. *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 124 n.5 (2005) (citing *Wilson v. Garcia*, 471 U.S. 261, 275—76 (1985); *Owens v. Okure*, 488 U.S. 235, 240—41 (1989)).

Plaintiff acknowledges that the limitations period for his § 1983 claims is governed by Texas' two-year statute of limitations for personal injury claims. (Dkt. No. 7 at 5 (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). Plaintiff further notes that the limitations period for a Texas state law malicious prosecution claim is one year, and the action accrues when the criminal prosecution ends. *See Id.* §16.002(a); *Torres v. GSC Enters.*, 242 S.W. 3d 553, 561 (Tex. App.—El Paso 2007, no pet.). Thus, Plaintiff seeks a ruling that all of his claims are timely because they did not accrue, and the limitations period for each claim did not begin, until the criminal charges against him were dismissed on July 13, 2009.

Plaintiff has brought a number of claims against Defendants besides malicious prosecution, based on various wrongful acts giving rise to different legal injuries. Thus, the Court must determine when each separate claim accrued. With respect to Plaintiff's state law claims, the general rule in Texas is that "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). Although the Court also looks to Texas law to determine the applicable limitations period, federal law governs when a cause of action under § 1983 accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*

### 1. Assault and Battery/Excessive Force

Giving rise to Plaintiff's state law claims for assault and battery as well as his § 1983 claim for excessive force, Plaintiff alleges that sometime in July 2005, Chief Glaze, Officer Roberson, and other unknown officers "assaulted and battered Plaintiff when [they] falsely imprisoned, detained, arrested, searched, and seized Plaintiff by the use of their hands and handcuffs." (Dkt. No. 1, ¶¶ 26 & 30.) Plaintiff further claims that the officers "burst through Plaintiff's door and tackled Plaintiff, wherein Plaintiff's shoulder hit and broke the window [at which] he was standing . . . ." (*Id.*, ¶ 11.) Because Plaintiff was aware of the injury giving rise to his claims for assault/battery/excessive force at the time he was allegedly tackled, seized, and handcuffed in July 2005, his claims accrued at that time. *See Gartrell*, 981 F.2d at 257; *S.V.*, 933 S.W.2d at 4. Accordingly, the Court finds that Plaintiff's state law claims for assault and battery as well as his § 1983 claim for excessive force should be dismissed under Rule 12(b)(6) as barred by Texas' two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.003(a).

### 2. Unreasonable Search and Seizure

Giving rise to Plaintiff's § 1983 claim for "unreasonable search and seizure in violation of the Fourth Amendment," Plaintiff alleges that sometime in July 2005, Chief Glaze, Officer Roberson, and other unknown officers "searched [Plaintiff's] person and home without a warrant or consent." (Dkt. No. 1, ¶¶ 15 & 24.) According to the Complaint, Plaintiff waited in a police car outside his home while the search took place. (*Id.*, ¶ 12.) Because Plaintiff was aware of the injury giving rise to his claim for unreasonable search and seizure at the time the search allegedly took place in July 2005, his claim accrued at that time. *See Gartrell*, 981 F.2d at 257. Accordingly, the Court finds that Plaintiff's § 1983 claim for unreasonable search and seizure should be dismissed under Rule 12(b)(6) as barred by Texas' two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.003(a).

### 3. Malicious Prosecution

Plaintiff does not specify what conduct by Defendants gave rise to his state law claim for malicious prosecution, but merely recites that the City and the Police Department "are liable for damages proximately caused to Plaintiff because these Defendants maliciously prosecuted Plaintiff." (Dkt. No. 1, ¶ 32.)  As noted *supra*, under Texas law, a claim for malicious prosecution accrues when the criminal prosecution ends. *Torres*, 242 S.W. 3d at 561. Plaintiff alleges that the criminal charges against him were dismissed on July 13, 2009. (Dkt. No. 1, ¶ 13.) Accordingly, the Court finds that Plaintiff's state law claim for malicious prosecution was timely filed within Texas' one-year statute of limitations. TEX. CIV. PRAC. & REM. CODE §16.002(a).

### 4. False Arrest/Imprisonment

Giving rise to Plaintiff's § 1983 claim for "false arrest, detention, and/or false imprisonment in violation of the Fourth Amendment," Plaintiff alleges that sometime in July 2005, Chief Glaze, Officer Roberson, and other unknown officers "falsely detained and arrested Plaintiff by handcuffing him." (Dkt. No. 1, ¶¶ 15 & 25.) According to his Complaint, Plaintiff sat handcuffed in a police car while Defendants searched his home. (*Id.*, ¶ 12.) Plaintiff further alleges that he was not advised of his Miranda rights or the reason for his arrest. (*Id.*)

As noted *supra*, Plaintiff maintains that the date the criminal charges against him were dismissed must be the relevant date for determining when his false arrest/imprisonment claims accrued. However, the United States Supreme Court has held that in a § 1983 action for false arrest/imprisonment,[3] where the arrest is followed by criminal proceedings, the statute of limitations begins to run at the time the plaintiff becomes detained pursuant to legal process, not later upon the dismissal of charges. *Wallace v. Kato*, 549 U.S. 384, 391 (2007). As the Court in *Wallace* explained:

---

3. The Court noted that because "[f]alse arrest and false imprisonment overlap; the former [being] a species of the latter," it would "thus refer to the two torts together as false imprisonment." *Wallace*, 549 U.S. at 388—89.

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process. If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself. Thus, petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected. It ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date . . . .

*Id.* at 389—90 (emphasis in original) (internal citations and quotations omitted).

In support of his Motion for Partial Summary Judgment, Plaintiff has attached a copy of the indictment in *State v. Humphreys*, No. 5-7-7268 (24th Dist. Ct. Jackson County, Tex., Jul. 29, 2005), wherein Plaintiff was indicted on charges of attempted murder and aggravated assault with a deadly weapon ("Indictment"). (Dkt. No. 7, Ex. A.) "Normally, consideration of a 12(b)(6) motion focuses solely on the allegations in the complaint. However, introduction of matters of public record . . . is permissible," *Louisiana ex rel. Guste v. United States*, 656 F. Supp. 1310, 1314 n.6 (W.D. La. 1986), and "in deciding a Rule 12(b)(6) motion, the court is permitted to go beyond the four corners of the complaint and consider matters of public record without converting the motion into one for summary judgment." *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 Fed. App'x 988, 992 (5th Cir. 2006). Thus, the Court may properly consider the Indictment without converting Defendants' Motion to Dismiss into a motion for summary judgment.

Even if Plaintiff was initially arrested and detained without legal process as he alleges, Plaintiff's false imprisonment ended when he was indicted on July 29, 2005, and the statute of limitations began to toll at that time. Accordingly, the Court finds that Plaintiff's § 1983 claims for false arrest/imprisonment should be dismissed under Rule 12(b)(6) as barred by Texas' two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.003(a).

**B. Sovereign Immunity**

In their Answer and Motion to Dismiss, Defendants raise the affirmative defense that they are immune to suit by virtue of Eleventh Amendment sovereign immunity. (Dkt. No. 5, ¶¶ 35 & 38.) Plaintiff's Motion for Partial Summary Judgment seeks a determination that Defendants are not entitled to this defense. Because Plaintiff's claims for assault, battery, excessive force, unreasonable search and seizure, and false arrest/imprisonment are time barred, the Court need only consider whether Defendants are entitled to sovereign immunity with respect to Plaintiff's state law claim for malicious prosecution.

Plaintiff's malicious prosecution claim against the City and the Police Department arises under the Texas Tort Claims Act (TTCA), which provides in part:

> A municipality is liable under this chapter for damages arising from its governmental functions, which are those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public, including but not limited to: police and fire protection and control[.]

TEX. CIV. PRAC. & REMEDIES CODE ANN. § 101.0215(a)(1). However, the TTCA expressly preserves municipalities' sovereign immunity to claims for intentional torts. *Id.* § 101.057(2). As another court in the Southern District of Texas has recognized, "The statute's meaning is clear and unequivocal: a municipality cannot, under Texas law, be held liable for torts like [false arrest, false imprisonment, and malicious prosecution]." *Pennington v. Baylous*, 2005 WL 2241014, *6 (S.D. Tex. Sept. 15, 2005); *see also Holland v. City of Houston*, 41 F. Supp. 2d 678, 717 (S.D. Tex. 1999) (citing *Brand v. Savage*, 920 S.W.2d 672, 674—75 (Tex. App.—Houston [1st Dist.] 1995, no writ) (governmental entity retained sovereign immunity under TTCA with respect to malicious prosecution claim)). Accordingly, the Court finds that the City and the Police Department are entitled to sovereign immunity with respect to Plaintiff's state law malicious prosecution claim, and the claim should therefore be dismissed under Rule 12(b)(6).

Plaintiff maintains that even if his claims for damages are barred by the Eleventh Amendment, his claim for injunctive relief preventing Defendants from violating his civil rights in the future is not barred. According to Plaintiff's Response to Defendants' Motion to Dismiss, "Plaintiff seeks prospective relief in that the statutes of limitations for attempted murder and for aggravated assault with a deadly weapon are ten (10) years each. *See* TEX. PEN. CODE §19.02(b)(3); §22.02(b)(1). Even though the case was dismissed for insufficient evidence, Plaintiff seeks enjoinment from being indicted again for these same offenses." (Dkt. No. 6, ¶ 6.)

In *Ex parte Young*, 209 U.S. 123 (1908), the United States Supreme Court established that a federal injunction against state prosecution "would be justified where state officers threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected by an unconstitutional act, violating the Federal Constitution." *Okpalobi v. Foster*, 244 F.3d 405, 415 n.16 (5th Cir. 2001) (internal quotations omitted) (citing *Dombrowski v. Pfister*, 380 U.S. 479, 483 (1965)). Nonetheless, in *Younger v. Harris*, the Supreme Court recognized that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." 401 U.S. 37, 45 (1971). As the Supreme Court made clear in *Fenner v. Boykin* and reiterated in *Younger*, such a suit is proper only under very special circumstances:

> *Ex parte Young* . . . and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.

*Id.* (quoting *Fenner v. Boykin*, 271 U.S. 240, 243—44 (1926)).

Here, Plaintiff has not alleged that TEXAS PENAL CODE §§ 19.02(b)(3) and 22.02(b)(1) are unconstitutional, nor has he alleged that the "danger of irreparable loss is both great and

immediate," or that "the threat to [his] federally protected rights [is] one that cannot be eliminated by his defense against a single criminal prosecution." *See Younger*, 401 U.S. at 45, 46. Plaintiff has also failed to allege bad faith or harassment by Defendants, and he has pled no other unusual circumstance that would justify this Court enjoining his prosecution in Texas state court. *See Trower v. Maple*, 774 F.2d 673, 674—75 (5th Cir. 1985) (affirming district court's denial of injunction where "plaintiffs ha[d] not met their burden of showing bad faith, harassment, or any other unusual circumstance that would justify this Court issuing an injunction"). Accordingly, the Court finds that Plaintiff has failed to allege sufficient facts showing that he is entitled to the injunctive relief he seeks pursuant to *Ex parte Young*.

**IV. Conclusion**

For the aforementioned reasons, the Court hereby **ORDERS** as follows:

1. Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 7) is **DENIED;**

2. Plaintiff's request for an injunction barring future prosecution in Texas state court for attempted murder and/or aggravated assault is **DENIED;**

3. Defendants' Motion to Dismiss (Dkt. No. 5) is **GRANTED**; and

4. This action is hereby **DISMISSED**.

**SIGNED** this 25th day of January, 2011.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE