UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **JOHN HUMPHREYS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-10-50** |
| | § | |
| **CITY OF GANADO, TEXAS,** *et al*, | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Plaintiff John Humphrey's ("Plaintiff") Motion for a New Trial (Dkt. No. 13), which the Court will construe as a motion to reconsider the Court's January 25, 2011 Memorandum Opinion & Order granting Defendants City of Ganado ("the City"), Ganado Police Department ("the Police Department"), Chief Norman Glaze ("Chief Glaze"), and Officer Rodney Roberson's ("Officer Roberson") (collectively "Defendants") Motion to Dismiss; denying Plaintiff's Motion for Partial Summary Judgment; denying Plaintiff's request for an injunction barring future prosecution in Texas state court for attempted murder and/or aggravated assault; and dismissing this action. (*See* Dkt. No. 11.)

Having considered the motion, record, and applicable law, the Court is of the opinion that Plaintiff's motion should be **DENIED**.

**I. Background**

According to the facts as set forth in Plaintiff's Original Complaint (Dkt. No. 1), in July 2005, Plaintiff was driving an electric car when the car's steering locked up. As a result, the car went off the road into a ditch. Plaintiff drove out of the ditch, parked the car in a school parking lot, and walked back home. Shortly thereafter, Officer Roberson arrived at Plaintiff's home and

began talking to Plaintiff through a window. Chief Glaze and other unknown officers of the Police Department then burst through the door and tackled Plaintiff, causing Plaintiff's shoulder to break the window where he stood talking to Officer Roberson. Plaintiff was then handcuffed and led to a police car, where he sat while Chief Glaze, Officer Roberson, and other unknown officers searched his home. Plaintiff was not advised of his Miranda rights or the reason for his arrest. Plaintiff was later charged with attempted murder and aggravated assault with a deadly weapon.[1] The charges were dismissed because of insufficient evidence on July 13, 2009.

On June 29, 2010, Plaintiff filed this suit "to enjoin the Defendants' violation of his civil rights, as prohibited by 42 U.S.C. §1983, as well as the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and for actual, compensatory, and punitive damages." (Dkt. No. 1, ¶1.) Specifically, Plaintiff brought causes of action against all Defendants under §1983 for unreasonable search and seizure, excessive force,[2] and false arrest/imprisonment. Plaintiff also alleged Texas state law causes of action against Chief Glaze and Officer Roberson for assault and battery, and against the City and the Police Department for malicious prosecution.

Defendants raised a number of affirmative defenses in their Answer and moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) on the grounds that: (1) all claims were barred by the applicable statute of limitations; and (2) all claims against the City, the Police Department, and against individual defendants in their official capacities were barred under the Eleventh Amendment. (Dkt. No. 5, ¶¶ 35—40.) In response, Plaintiff moved for partial

---

1. According to the Indictment, which Plaintiff filed in support of his Motion for Partial Summary Judgment, Plaintiff was charged with attempting to murder and/or assault six individuals by driving a vehicle in their direction. (Dkt. No. 7, Ex. A.)

2. Plaintiff's Original Complaint actually alleged a cause of action for "assault and battery in violation of the Fourth Amendment" (Dkt. No. 1, ¶ 26), which the Court previously construed as one for excessive force.

summary judgment seeking a determination that: (1) his claims were not barred by the statute of limitations; and (2) Defendants were not entitled to the defense of sovereign immunity.

On January 25, 2011, the Court entered a Memorandum Opinion & Order granting Defendants' Motion to Dismiss; denying Plaintiff's Motion for Partial Summary Judgment; denying Plaintiff's request for an injunction barring future prosecution in Texas state court for attempted murder and/or aggravated assault; and dismissing this action. (*See* Dkt. No. 11.) Plaintiff now moves the Court to reconsider dismissal of this action pursuant to Federal Rule of Civil Procedure 59(e).

## II. Legal Standard

A Rule 59(e) motion "calls into question the correctness of a judgment," *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478—79 (5th Cir. 2004), and thus "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Such a motion is not to be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863—64 (5th Cir. 2003). Reconsideration of a judgment after its entry is an "extraordinary remedy that should be used sparingly," *Templet*, 367 F.3d at 479, over which a district court has considerable discretion to grant or to deny. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir.1993). In exercising its discretion, a district court is under a duty to "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). With this balance in mind, the Fifth Circuit has made clear that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

## II. Analysis

### A. Plaintiff's Point of Error No. 1: The Court Erred in Finding that Plaintiff's Claims for Assault/Battery/Excessive Force and Unreasonable Search/Seizure Are Time Barred

Plaintiff contends that the statute of limitations on his assault/battery/excessive force and unreasonable search/seizure claims should have been tolled because he "was not aware of the existence of an injury or the causation between his injury and Defendants' actions until the criminal charges of attempted murder and aggravated assault with a deadly weapon were dismissed."  (Dkt. No. 13 at 2.) Plaintiff further contends that the Court erred in not tolling the statute of limitations because "during the defense of Plaintiff's criminal charges, he was prevented from bringing these claims." (*Id.*)

Despite the Fifth Circuit's admonition that a Rule 59(e) motion is not to be used to relitigate old matters, *Rosenzweig*, 332 F.3d at 863—64, in arguing that his claims for assault/battery/excessive force and unreasonable search/seizure did not accrue until the criminal charges against him were dismissed, Plaintiff has done nothing more than cut and paste the same argument he previously raised in paragraph 13 of his Motion for Partial Summary Judgment. (*See* Dkt. No. 7 at 5, ¶13 ("Plaintiff was not aware of the existence of an injury or the causation between his injury and Defendants' actions until the criminal charges of attempted murder and aggravated assault with a deadly weapon were dismissed.  *Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir. 2001); *Brummett v. Camble,* 946 F.2d 1178, 1183 (5th Cir. 1991).").) Moreover, the Fifth Circuit has previously considered a case with substantially similar facts and "has specifically found that excessive force and illegal search claims are ***not*** tolled during the pendency of a criminal proceeding."  *Sosa v. City of Corpus Christi*, 2006 WL 1967037, *4 (S.D.

Tex. July 12, 2006) (citing *Price v. City of San Antonio*, 431 F.3d 890 (5th Cir. 2005) (emphasis in *Sosa*)).

In *Price v. San Antonio*, Price was involved in an altercation with an uninvited visitor to his apartment on October 31, 2001, and the police were called. 431 F.3d at 891. Price claimed that the police beat him with their batons, sprayed him with pepper spray, and kicked him in the chest. *Id.* That same day, Price was charged with the felony offense of attempting to take a weapon from a police officer. *Id.* On April 19, 2002, the felony charge was dismissed, and Price was instead charged with the misdemeanor offense of interfering with public duties. *Id.* On November 3, 2003, Price filed a § 1983 action alleging unreasonable search, excessive force, false arrest, and malicious prosecution against the officers and the City of San Antonio. *Id.* In affirming the district court's decision dismissing Price's excessive force and unreasonable search claims as time barred, the Fifth Circuit concluded that Price had factual knowledge of any injuries received on the date the alleged assault and search took place, such that any cause of action for excessive force and illegal search necessarily accrued at that time. *Id.* at 892—93. Despite the fact that "[a]t the time Price filed his complaint, criminal proceedings stemming from the October 31, 2001, incident were still pending against him," the court did not toll the statute of limitations with respect to Price's excessive force and illegal search claims. *Id.* at 894.

Accordingly, Plaintiff's Point of Error No. 1 is **OVERRULED**.

## B. Plaintiff's Point of Error No. 2: The Court Erred in Finding that Defendants Are Entitled to Sovereign Immunity

Plaintiff next reurges his previous argument that because he seeks prospective injunctive relief against Defendants preventing his future state court prosecution for attempted murder and/or aggravated assault, Defendants are not entitled to sovereign immunity.

As the Court previously explained in denying Plaintiff's request for injunctive relief, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions," and such relief is proper only under very special circumstances. *Younger v. Harris*, 401 U.S. 37, 45 (1971). (*See* Dkt. No 11 at 10.) The Court then explained that special circumstances do not exist in this case:

> Here, Plaintiff has not alleged that TEXAS PENAL CODE §§ 19.02(b)(3) and 22.02(b)(1) are unconstitutional, nor has he alleged that the "danger of irreparable loss is both great and immediate," or that "the threat to [his] federally protected rights [is] one that cannot be eliminated by his defense against a single criminal prosecution." *See Younger*, 401 U.S. at 45, 46. Plaintiff has also failed to allege bad faith or harassment by Defendants, and he has pled no other unusual circumstance that would justify this Court enjoining his prosecution in Texas state court. *See Trower v. Maple*, 774 F.2d 673, 674—75 (5th Cir. 1985) (affirming district court's denial of injunction where "plaintiffs ha[d] not met their burden of showing bad faith, harassment, or any other unusual circumstance that would justify this Court issuing an injunction").

(*Id.* at 10—11.)

Plaintiff now claims for the first time that Defendants' failure to provide sufficient evidence to substantiate the attempted murder and assault charges against him during the four years he was under indictment "shows bad faith and harassment, on its face." (Dkt. No. 13 at 4.) Despite the Fifth Circuit's admonition that Rule 59(e) motions should not be used to raise arguments that could have been raised prior to entry of judgment, *Rosenzweig*, 332 F.3d at 863—64, Plaintiff provides no explanation for his failure to previously raise this argument before the Court entered its Order of Dismissal (Dkt. No. 12) in this case. But even if he had, the Court nonetheless finds that such conduct by Defendants, even if true, does not rise to the level of bad faith or harassment necessary to justify contravening the general rule that federal courts should refuse to enjoin pending criminal prosecutions in state courts. Moreover, Plaintiff still fails to allege that the "danger of irreparable loss is both great and immediate," or that "the threat to [his]

federally protected rights [is] one that cannot be eliminated by his defense against a single criminal prosecution." *See Younger*, 401 U.S. at 45, 46.

Accordingly, Plaintiff's Point of Error No. 2 is **OVERRULED**.

## IV. Conclusion

For the aforementioned reasons, Plaintiff's Motion for a New Trial (Dkt. No. 13) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 7th day of September, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE